THE UNION PACIFIC RAILWAY COMPANY v. WILLIAM D. URE *et al.*

No. 8092.

RAILWAY COMPANY—*Trespasser on Track—Negligence of Engineer.* In a suit for an injury resulting in the death of a child two years old, the jury found that the engineer saw the child in dangerous proximity to the track in time to have stopped the train and prevented the injury, if he had immediately used all the appliances provided on his engine for that purpose, but that he did not exercise proper care, and failed to do so. *Held,* That said facts are sufficient to uphold a verdict against the railway company, and it is immaterial whether the court erred or not in its instruction making a distinction as to the point of time when duty of the company arises toward a conscious and an unconscious trespasser upon its track.

*Error from Sheridan District Court.*

ACTION by William D. Ure and wife against The Union Pacific Railway Company to recover damages

for the death of their child.   Judgment for plaintiffs.
The defendant brings the case to this court.   All the
material facts are summarized in the opinion herein,
filed February 8, 1896.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for
plaintiff in error.

*E. A. McMath,* for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J. :  The original action was commenced
December 20, 1890, by the parents of George D. Ure,
a child two years and one week old, to recover dam-
ages for injuries resulting in his death on April 1,
1889.   A trial at June term, 1891, resulted in a ver-
dict and judgment in favor of the plaintiffs for $3,000,
and the defendant prosecutes its petition in error in
this court for a review of said judgment.

The material facts, either undisputed or found by
the jury in answer to questions propounded, may be
summarized as follows :  The child was killed at Grain-
field by a passenger train of the defendant, running
east, which struck him on the track.   The home of
the child was a little north of the railroad, and he was
first seen, by some of the witnesses, in the slight de-
pression or ditch north of the track, and creeping to-
ward the rails, about 620 to 650 feet west of the depot
and 336 feet east of the switch.   The engine was west
of the switch and 500 to 600 feet from the child when
the engineer first saw him near the track and creeping
toward the rails.   He was not at any public street or
crossing.   The engineer discovered the presence of the
child in a dangerous situation near the track in time
to stop the train and avoid the injury if he had im-
mediately used all the appliances provided on his en-

gine for that purpose, and the train could have been stopped within 450 to 500 feet; but the engineer did not use proper care to stop his engine, and did not immediately use the appliances available for that purpose; and the plaintiffs were in the exercise of ordinary care and prudence as to the child at the time, and his mother did not negligently permit him to wander upon the track. The general verdict is supported by the findings; but the plaintiff in error claims that these are not justified by the evidence, and that the answers favorable to a recovery may have been influenced by erroneous instructions of the court. It contends that there is no distinction in principle between the time when duty arises toward a conscious and an unconscious trespasser upon its track; whereas, the court below stated to the jury that such a distinction did exist in law, and that, as to a child so young as not to be chargeable with contributory negligence, the duty of the railroad company was not limited to the time after it was actually discovered to be in a place of danger, as in the case of a conscious trespasser, but that it was the duty of the railway company to keep a reasonable lookout, and if the unconscious trespasser could have thereby been seen in time to avoid the casualty, by stopping the train, and it failed to do so, then it was liable in damages for the injury. The authorities on this point are quite conflicting. The defendants in error claim that the evidence established the facts, first, that the engineer, by the exercise of reasonable care and watchfulness in the running of his train, could and should have discovered this child in a dangerous position near the track in time to have stopped the train and prevented the injury; and, secondly, that the engineer actually did see the child in dangerous proximity to the track in time to have stopped

his train and prevented the injury, if he had at once used the appliances provided on his engine for that purpose, but that he failed to do so. The second contention of the defendants in error is established by the findings of the jury, and we cannot say that there is no evidence to support them. We have great doubt of the correctness of the answer of the jury that the engineer saw the child 500 or 600 feet away, and we think the weight of the evidence is that it was not seen before the engineer reached the switch; yet the evidence of the engineer is not entirely satisfactory, and probably the jury disregarded it, as they had a right to do, if the evidence of other witnesses on this point was more credible.

We deem it unnecessary to decide whether the court was correct, or not, in making a distinction as to the point of time when duty of the railroad company arises toward a conscious and an unconscious trespasser upon its track. No question was propounded to the jury as to the distance at which the child might have been seen if the engineer had been keeping a proper lookout; and these most material questions in the case were directly propounded to the jury in the plainest of terms : "How many feet was George D. Ure east of the engine when engineer Trow first discovered him?" And "What was the distance ahead of the engine when the engineer first saw the child near the track?" the answer to each question being "From 500 to 600 feet." It does seem reasonable that the jury understood either of these questions as seeking an answer as to what distance ahead of the engine the child was when he could have been seen by the engineer, if he had been looking ahead on the track ; and in this view, it is immaterial whether the instructions of the court on this point were correct, or not,

and we deem it unnecessary to consider them. Some complaint is made upon the admission of testimony, but we think there was no material error in that respect.

The judgment of the court below will be affirmed.

ALLEN, J., concurring.

JOHNSTON, J.: In my view, the testimony does not sustain the finding that the engineer discovered that George D. Ure was in a dangerous situation near the track in time to have stopped the train and avoided the injury. It was probably the result of the erroneous charge given to the jury, in holding that the engineer must anticipate the presence of trespassers upon the track, and that, if he could have seen the boy in time to have stopped the train, and by the exercise of proper care have avoided striking him, the company is liable. It is well settled that the duty of the company toward the trespasser is to avoid injury to him after his peril is actually discovered. While the boy could not have been guilty of contributory negligence, no duty arose toward him until those in charge of the train discovered that he was in a place of danger. After he was seen, a higher degree of care was required of the trainmen than if he had been an adult, and if they then ran the train upon him without doing all they reasonably could to prevent the injury, the company would be responsible. As the duty toward him did not commence until his presence was discovered, and as there can be no negligence without a breach of duty, the instruction of the court upon this question was erroneous and misleading.